## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a STONE & COMPANY, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CLASS ACTION COMPLAINT** |
| | ) | |
| GLENN FAMILY, INC. d/b/a HEADWIND CONSUMER PRODUCTS, a Nebraska corporation | ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Wendell H. Stone Company Inc. d/b/a Stone & Company ("Stone & Company" or "Plaintiff") brings this Class Action Complaint against Defendant Glenn Family Inc. d/b/a Headwind Consumer Products ("Glenn Family" or "Headwind Consumer") to stop Defendant's practice of sending unsolicited fax advertisements and to obtain redress for all persons injured by their conduct. Plaintiff Stone & Company, for its Class Action Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## PARTIES

1. Plaintiff Stone & Company is a corporation incorporated and existing under the laws of the Commonwealth of Pennsylvania. Stone & Company's principal place of business is in Connellsville, Pennsylvania.

2. Defendant Glenn Family is a corporation incorporated and existing under the laws of the State of Nebraska. Its principal office address is 71006 625th Ave., Pawnee City,

1

Nebraska 68420. Glenn Family does business throughout the United States, including in the Commonwealth of Pennsylvania and in this District.

## JURISDICTION & VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") a federal statute.

4.     The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant regularly conducts business in this District and a substantial part of the events giving rise to the claims asserted here occurred in this District. The faxes at issue were directed and transmitted to and caused harm in this District.

## COMMON ALLEGATIONS OF FACT

5.     This case challenges Defendant's practice of sending unsolicited fax advertisements.

6.     The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation. Upon information and belief, Defendant has sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA starting in June 2015. See "Headwind Consumer Faxes," a true and correct copy of which is attached hereto as Group Exhibit A. The Headwind Consumer Faxes promote the services and goods of Defendant, namely decorative solar lights and thermometers. Plaintiff is informed and believes, and upon

2

such information and belief avers, that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the JFPA.

7.     Unsolicited faxes cause legally concrete and particularized harm, and actual damages, to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's time that would have been spent on something else. A junk fax also invades the recipient's privacy. Unsolicited faxes are annoying and prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

8.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA.

9.     Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and (iii) to have such damages trebled, as provided by § 227(b)(3) of the Act, in the event that willfulness is found.

## FACTS SPECIFIC TO PLAINTIFF STONE & COMPANY

10.     Starting in or about June 2015, Defendant transmitted by telephone facsimile

3

machine at least three unsolicited faxes to Plaintiff. A copy of the facsimiles is attached hereto as Group Exhibit A.

11.     Headwind Consumer profited by and received the benefits of marketing of its products and is a responsible party under the JFPA.

12.     Defendant created or made Group Exhibit A, which Defendant knew or should have known advertises Defendant's goods or products (namely, decorative solar lights and thermometers) that Defendant intended to and did in fact distribute to Plaintiff and the other members of the Class.

13.     Group Exhibit A is part of Defendant's work or operations to market Defendant's goods or services, including Defendant's consumer products. Therefore, Group Exhibit A constitutes material furnished in connection with Defendant's work or operations.

14.     Plaintiff had never provided prior express permission or invitation to Defendant to send the Fax and had no prior relationship with Defendant. Plaintiff has no prior business relationship with Headwind and is uncertain as to how Headwind obtained Defendant's fax number.

15.     On information and belief, Defendant faxed the same unsolicited facsimile to Plaintiff and more than 40 other recipients without first receiving the recipients' prior express permission or invitation.

16.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**CLASS ACTION ALLEGATIONS**

17.     In accordance with F. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiff brings this

class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendant or on Defendant's behalf a telephone facsimile message substantially similar to Group Exhibit A, (3) from whom Defendant claims it obtained prior express permission or invitation to send those faxes in the same manner as Defendant claims it obtained prior express permission or invitation to send faxes to the Plaintiff.

18.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

19.     <u>Class Size (F. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is in the thousands.

20.     <u>Commonality (F. R. Civ. P. 23 (a) (2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

> a.     Whether the Defendant sent an unsolicited fax advertisement;
>
> b.     Whether the Defendant's fax advertised the commercial availability of property, goods, or services;

c.      Whether the manner and method the Defendant used to compile or obtain the list of fax numbers to which it sent Group Exhibit A and other unsolicited faxed advertisements procured prior express consent from the recipients to send the faxes;

d.      Whether the Defendant faxed advertisements without first obtaining the recipient's prior permission or invitation;

e.      Whether the Defendant sent the faxed advertisements knowingly;

f.      Whether the Defendant violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

g.      Whether the Defendant should be enjoined from faxing advertisements in the future;

h.      Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

i.      Whether the Court should award treble damages.

21.     Typicality (F. R. Civ. P. 23 (a) (3)): The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the Faxes sent by or on behalf of the Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. The Defendant has acted the same or in a similar manner with respect to the Plaintiff and all the class members.

22.     Fair and Adequate Representation (F. R. Civ. P. 23 (a) (4)): The Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the Class.

6

23.     <u>Common Conduct (F. R. Civ. P. 23 (b) (2)):</u> Class certification is appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

24.     <u>Predominance, Superiority, and Manageability (F. R. Civ. P. 23 (b) (3)):</u> Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a.      Proof of the claims of the Plaintiff will also prove the claims of the Class without the need for separate or individualized proceedings;

b.      Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

c.      The Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d.      The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs; and

e.      This case is manageable as a class action in that:

i.The Defendant identified persons or entities to receive the fax transmission and it is believed that the Defendant's computer and

business records will enable the Plaintiff to readily identify class

members and establish liability and damages;

ii. Liability and damages can be established for the Plaintiff and the Class

with the same common proofs;

iii. Statutory damages are provided for in the statute and are the same for all

class members and can be calculated in the same or a similar manner;

iv. A class action will result in an orderly and expeditious administration of

claims and it will foster economics of time, effort and expense;

v. A class action will contribute to uniformity of decisions concerning the

Defendant's practices; and

vi. As a practical matter, the claims of the Class are likely to go

unaddressed absent class certification.

## FIRST CAUSE OF ACTION
### Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227, *et seq.*

25. Plaintiff incorporates by reference the foregoing allegations as if fully set forth

herein.

26. The JFPA makes unlawful for any person to "use any telephone facsimile

machine, computer or other device to send, to a telephone facsimile machine, an unsolicited

advertisement …." 47 U.S.C. § 227(b)(1)(C).

27. The JFPA defines "unsolicited advertisement" as "any material advertising the

commercial availability or quality of any property, goods, or services which is transmitted to any

person without that person's prior express invitation or permission, in writing or otherwise." 47

U.S.C. § 227 (a) (5).

28. The faxes sent by Defendant advertised Defendant's decorative solar lights and

thermometers, were commercial in nature, and are advertisements under the TCPA.

29.     Plaintiff and the other class members never gave prior express permission, invitation, or other consent to receive the faxes.

30.     **The Faxes.** Defendant sent the Headwind Consumer Faxes via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Plaintiff Class. The Headwind Consumer Faxes constitute advertisements under the Act. The Headwind Consumer Faxes were transmitted to persons or entities without their prior express permission or invitation. By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder by sending the Faxes via facsimile transmission to Plaintiff and members of the Class.

31.     **Defendant's Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation. By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant is continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

32.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendant's violations of the Act, and provides for

statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

33.    The Defendant knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services; (b) the faxes constituted an advertisement; and (c) the Faxes did not apprise recipients of their legal right to opt out.

34.    The Defendant's actions caused damages to the Plaintiff and the other class members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendant's faxes unlawfully invaded the Plaintiff's and other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Stone & Company, Inc., on behalf of itself and the Class, prays for the following relief:

1.    An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Stone & Company as the representative of the Class and appointing its attorneys' as Class Counsel;

2.      An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater;

3.      An order enjoining Defendant from further violations, and otherwise protecting the interests of the Class;

4.      An order declaring that Defendant failed to obtain prior express permission or invitation to send the faxes;

5.      An award of pre-judgment interest;

6.      An award of reasonable attorneys' fees and costs; and

7.      Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

*/s/ Stuart C. Gaul, Jr.*
Stuart Gaul, Jr.
Pa. I.D. No. 74529
Gaul Legal LLC
100 Ross Street, Suite 510
Pittsburgh, PA  15219
412-261-5100 (P)
412-261-5101 (F)
stuart.gaul@gaul-legal.com

Steven L. Woodrow
(swoodrow@woodrowpeluso.com)*
Patrick H. Peluso
(ppeluso@woodrowpeluso.com)*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Stefan Coleman
(law@stefancoleman.com)

Law Offices of Stefan Coleman, P.A.
1072 Madison Ave, Suite 1
Lakewood, New Jersey, 08701
law@stefancoleman.com
(877) 333-9427

*Counsel for* STONE & COMPANY, INC.,
individually, and for the putative class.


*pro hac vice* admission to be filed